UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AJAY NARULA,
      Plaintiff,
-vs.-                           **DEMAND FOR JURY TRIAL**


DELBERT SERVICES CORPORATION,
      Defendant.
_____


# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").


# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

1

3.  This court may exercise supplemental jurisdiction over the related state law claims
    arising out of the same nucleus of operative facts which give rise to the Federal law
    claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4.  Plaintiff is a natural person residing in Macomb County, Michigan. Plaintiff is a
    "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is
    also a "consumer," "debtor" and "person" as the terms are defined and or used in the
    MCPA and MOC.

5.  The Defendant to this lawsuit is Delbert Services Corporation which is a Nevada
    company that maintains registered offices in Oakland County.

## VENUE

6.  The transactions and occurrences which give rise to this action occurred in Macomb
    County.

7.  Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8.  Plaintiff had a credit account Western Sky which he used to purchase goods and/or
    services for personal, family or household purposes. Any resulting obligation to pay

money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC ("The Debt").

9. Defendant claims that Plaintiff failed to pay the Debt in full.

10. On or about March 27, 2013, Plaintiff took out an online loan with Western Sky in the amount of $5,000.00.

11. In May 2013, Plaintiff paid Western Sky $1,000 towards this alleged debt. Only $300 out of this $1,000 went toward the principal balance.

12. Each month after that, Plaintiff paid Western Sky $486.58 towards this alleged debt.

13. On or about August 2, 2013, the loan with Western Sky was transferred and/or assigned to Defendant as Plaintiff was in default.  The collection of the resulting debt is governed by the Fair Debt Collection Practices Act.

14. On or about August 2, 2013, Plaintiff received an email from Defendant describing the transfer of the loan. The email stated that Defendant was servicing the loan as well. This email does not say anything about Defendant being a debt collector, as required by the FDCPA at 15 U.S.C. 1692e (11).

15. Again, Defendant is considered a debt collector, as opposed to a creditor, because at the time of the transfer, which was on or about August 2, 2013, Plaintiff was delinquent in making his payment to Western Sky. At this time, the due date of the payment was August 1, 2013 and Plaintiff had not made the payment to Western Sky yet.

16. Defendant has been calling Plaintiff repeatedly over Plaintiff's late payments since August 2013 on his cellular phone up to ten times in one day.

17. On or about November 18, 2013, Defendant called Plaintiff using an "unknown" phone number. Defendant left Plaintiff a message stating that they were calling regarding an

"urgent matter" and did not say anything about attempting to collect a debt.  This

communication violates 15 U.S.C. 1692d(6).

18. Defendant called Plaintiff 10 times on November 19, 2013 and 8 times on November 20,

2013.

19. Defendant is placing more phone calls to Plaintiff from blocked numbers more recently.

20. On or about November 21, 2013, Defendant called Plaintiff three times all from blocked

phone numbers.

21. On or about November 21, 2013, Defendant called Plaintiff a total of ten times.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff reincorporates the preceding allegations by reference.

23. At all relevant times Defendant, in the ordinary course of its business, regularly engaged

in the practice of collecting debts on behalf of other individuals or entities.

24. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case

is a consumer debt.

25. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. §1692a (6).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated the

following provisions of the FDCPA:

   a.   15 U.S.C. §1692 d(6) by placing telephone calls without meaningful disclosure of

        the caller's identity.

4

    b.  15 U.S.C. §1692 d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly to continuously with intent to annoy, abuse or harass any person at the called number.

    c.  15 U.S.C. §1692 e(11) by failing to disclosure in subsequent communications that the communication is from a debt collector.

    d.  15 U.S.C. §1692 g(a)(3)-(5) by not sending anything in writing to Plaintiff giving Plaintiff the 30-day validation notice rights.

27. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II -

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

28. Plaintiff reincorporates the preceding allegations by reference.

29. At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with the Plaintiff as that term is defined at 47 U.S.C. 227(a)(1).

30. At no time has the Defendant ever had an "established business relationship" with the Plaintiff as that term is defined at 47 U.S.C. 227(a)(2).

31. Plaintiff is a "consumer" for purposes of the FDCPA and the debt at issue is a consumer debt.

32. In violation of the proscription against contacting persons on cellular telephones, the Defendant made several contacts in contravention of 47 USC 227(b)(1)(iii).

33. Defendant has been calling Plaintiff repeatedly over Plaintiff's late payments since August 2013 on his cellular phone up to ten times in one day.

34. These violations of this statute were all willful.

35. The Plaintiff has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. 227(b)(3).

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

    a.   Actual damages.

    b.   Statutory damages.

    c.   Treble damages.

    d.   Statutory costs and attorney fees.

Respectfully submitted,

December 13, 2013

<u>/s/ Gary Nitzkin</u>
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 213-6397
Email – gary@micreditlawyer.com