UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AJAY NARULA,

Plaintiff,

v.

DELBERT SERVICES CORPORATION,

Defendant

______________________________/

Criminal No. 13-15065

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

Currently before the Court is Defendant Delbert Services Corporation's motion to dismiss all claims against it, and compel Plaintiff Ajay Narula to pursue all claims in arbitration. For the reasons set forth at the hearing held on July 16, 2014, as elaborated below, the Court GRANTS Defendant's motion and hereby compels the parties to arbitration.

## I. Facts

On or about March 27, 2013, Plaintiff acquired a $5,000 loan from Western Sky Financial, LLC ("Western Sky"). Compl. ¶10. On or about August 2, 2013, Plaintiff's loan with Western Sky was transferred to Defendant. *Id.* at ¶13. Plaintiff defaulted on his loan repayment obligations and continues to be in default. *Id*.

On December 13, 2013, Plaintiff filed the instant lawsuit, which alleges claims against Defendant under the FDCPA, 15 U.S.C. §§ 1692-1692p, and the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* at ¶¶26, 32. On May 9, 2014, Defendant requested that this Court enforce the arbitration provisions in the Loan Agreement and compel Plaintiff to pursue all claims in arbitration and dismiss Plaintiff's claims. Def.'s Br. in Supp. of Mot. to Dismiss & Compel Arbitration at 5.

The Arbitration Agreement states:

> **Agreement to Arbitrate.** You agree that any Dispute, except as provided below, will be resolved by Arbitration, which shall be conducted by the Cheyenne River Sioux Tribal Nation by an authorized representative in accordance with its consumer dispute rules and the terms of this agreement.

*Id.* at 4. The Loan Agreement also provided Plaintiff with a choice of arbitrators, including the American Arbitration Association ("AAA") or JAMS. *Id.* While Western Sky, the loan originator, is affiliated with the Cheyenne River Sioux Tribal Nation ("Tribal Nation"), Delbert Services, the Defendant in this matter, has no ties to the Cheyenne River Sioux Tribal Nation or any other Tribal Nation.

## II. Analysis

In the Sixth Circuit, courts apply a four-pronged test to determine whether to grant motions to dismiss or stay proceedings and compel arbitration:

> 1) Determine whether the parties agreed to arbitrate;
> 2) Determine the scope of the agreement;
> 3) If federal statutory claims are involved, assess whether Congress intended those claims to be nonarbitrable; and
> 4) If only some of the claims are subject to arbitration, determine whether the remaining claims should be stayed.

*Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000). "Any doubts regarding arbitrability should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24–25 (1983).

Defendant asserts that Plaintiff's complaint should be dismissed because all claims must be submitted to arbitration since Plaintiff, when executing the Loan Agreement, agreed that any disputes between himself and Western Sky or its assignees would be resolved in arbitration. Def.'s Br. in Supp. of Mot. to Dismiss & Compel Arbitration at 5. Defendant also argues that because The Loan Agreement states that the only proper forum for any dispute is the Cheyenne River Sioux Tribal Court ("Tribal Court"), that Plaintiff's complaint should be dismissed under the doctrine of *forum non conveniens*. *Id.* at 11.

As the Court stated during the hearing, because neither party has any ties whatsoever to the Tribal Nation, the provisions in the Arbitration Agreement and Loan Agreement relating to Tribal Law are inapplicable to this case, as it is established law that the Native American Tribal Courts do not have subject matter jurisdiction over non-members except in limited circumstances that are not applicable in this case. *See Montana v. United States*, 450 U.S. 544, 565-66 (1981).

**A. The Sixth Circuit test for a motion to compel arbitration is satisfied in this case**

As noted above, in the Sixth Circuit, courts apply a four-pronged test to determine whether to grant motions to dismiss or stay proceedings and compel arbitration. Three elements of the Sixth Circuit test are not in dispute, and the Court deems them satisfied.

Plaintiff's arguments attack the first element of the test, namely that the parties entered into an agreement in the first place. That is, Plaintiff argues that the Arbitration Agreement is invalid because of fraud. Plaintiff also points to the tribal law provisions

as problematic. Defendant disagrees and argues that the arbitration provision in the Loan Agreement is fair and reasonable and should be enforced by the Court. As discussed at the hearing, the provisions of the Arbitration Agreement that refer to tribal law are problematic. The case of *Inetianbor v. Cashcall, Inc.*, 962 F. Supp. 2d 1303 (S.D. Fla. 2013), goes into great detail regarding these problems. Here, however, as noted above, there are no ties to any Tribal Nation and the Court, therefore, finds the provisions of the Arbitration Agreement referring to tribal law and the Tribal Nation inapplicable and severs them from the Agreement. As a result, Arbitration may be conducted by the AAA, JAMS, or any other mutually agreeable arbitration organization.

In addition, to void an arbitration clause, the complaint must contain a "'well-founded claim of fraud in the inducement of the arbitration clause itself, standing apart from the whole agreement that would provide grounds for the revocation of the agreement to arbitrate.'" *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 576 (6th Cir. 2003) (quoting *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1278 (6th Cir.1990)). Allegations of fraudulent schemes are not sufficient to overcome the strong federal policy in favor of arbitration. The central question is whether the plaintiff's claim of fraud, as stated in the complaint, relates to the making of the Arbitration Agreement itself. *Id.* Here, there are no allegations in the complaint that Defendant fraudulently induced Plaintiff to agree to an arbitration clause. In fact, the Loan Agreement contains a "Right to Opt Out" provision that gave Plaintiff 60 days to opt out from having his account be subject to the Arbitration Agreement. Western Sky Loan Agreement at 5. Plaintiff failed to do so. The court in *Legair v. Circuit City Stores, Inc.*, 213 F. App'x 436, 439 (6th Cir. 2007), found that the plaintiff was bound by the

agreement because he did not take "the required action to opt out." *Id.* Similarly here, Plaintiff's conduct demonstrates his agreement to be bound. The Loan Agreement contains detailed arbitration provisions and states:

> **PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.** Unless you exercise your right to opt-out of arbitration in the manner described below, any dispute you have with Western Sky or anyone else under this loan agreement will be resolved by binding arbitration. Arbitration replaces the right to go to court . . ..

Western Sky Loan Agreement at 3.

Analogous to the case at hand is *Clerk v. ACE Cash Exp., Inc.*, No. 05117, 2010 WL 364450 (E.D. Pa. Jan. 29, 2010). Like the case here, *Clerk* involved a motion to dismiss and compel arbitration and addressed an arbitration provision that included an opt out clause. *Id.* at *9. The court determined that "an opt-out provision . . . *seriously undermines* a consumer's contention that the arbitration agreement was unconscionable. [Plaintiff] was given the option to say 'no' to the arbitration provision and he was given a full 60 days to do so." *Id.* at *9. Like the plaintiff in *Clerk*, Plaintiff had 60 days to opt out of the Arbitration Agreement. While the *Clerk* case dealt with unconscionability, an opt out clause also undermines claims of fraud, as Plaintiff could have very easily exercised his right not to be bound to arbitration. Plaintiff chose, however, not to exercise his contractual right to opt out of the arbitration clause, and therefore, the Court determines that the Arbitration Agreement is not a product of fraud and is enforceable. The first element, therefore, is satisfied.

As the Court noted, the remaining elements of the test are deemed satisfied, and the Court, therefore, will compel the parties to Arbitrate in this dispute.

## III. Conclusion

Because the Court determines that the forum-selection clause does not apply in this case and the Arbitration Agreement is not a product of fraud and satisfies the Sixth Circuit test to grant motions to compel arbitration, the Court finds that Defendant's motion to dismiss and compel arbitration is GRANTED, the parties are ordered to Arbitrate this dispute, and the case is hereby DISMISSED.

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager